Jack MORELAND, Plaintiff–Appellant,

v.

Jim WHARTON, Warden, Ray Corley, Warden, Dr. Jonas, Defendants–Appellees.

No. 89–8074

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 1, 1990.

Before TJOFLAT, Chief Judge, JOHNSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Jack Moreland, a Georgia state prisoner, filed a pro se action under 42 U.S.C. § 1983 against a prison doctor and two wardens. Moreland alleged that the doctor was deliberately indifferent to his medical needs and that the wardens ignored Moreland's requests for proper medical treatment. Moreland also timely petitioned the court for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 (1982). A magistrate considered Moreland's petition and recommended that Moreland's complaint be filed because he satisfied the financial requirements for IFP status, but the magistrate also recommended that the complaint be immediately dismissed as frivolous under section 1915(d). The magistrate found that Moreland's claim was essentially a medical malpractice claim and that the suit presented little chance of success on the merits as a civil rights action. The district court adopted the magistrate's recommendations; we vacate the district court's dismissal of Moreland's complaint.

The federal IFP statute is designed to ensure that all litigants, regardless of wealth, have reasonable access to the courts. But once a district court grants leave to proceed IFP, section 1915(d) allows the court to dismiss the complaint prior to service of process if the court is "satisfied that the action is frivolous or malicious," 28 U.S.C. § 1915(d), to spare defendants the inconvenience and expense of answering a meritless complaint. *See Phillips v. Mashburn,* 746 F.2d 782, 784 (11th Cir.1984); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A 1981). Because section 1915(d) "is a broad grant of discretion to the courts regarding management of IFP actions," we review the dismissal of Moreland's actions

Jack Moreland, Hardwick, Ga., for plaintiff-appellant.

Michael J. Bowers, Atty. Gen., Eddie Snelling, Jr., William B. Hill, Daryl Robinson, Atlanta, Ga., for defendants-appellees.

for abuse of discretion. *Harris v. Menendez,* 817 F.2d 737, 741 (11th Cir.1987).

A lawsuit is frivolous if " 'the plaintiff's realistic chances of ultimate success are slight.' " *Menendez,* 817 F.2d at 740 (quoting *Jones v. Bales,* 58 F.R.D. 453, 464 (N.D.Ga.1972), *aff'd adopting district court opinion,* 480 F.2d 805 (5th Cir.1973)). This standard, well established in this Circuit, is consistent with the Supreme Court's recent ruling in *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), in which the Court said that a frivolous complaint is one that lacks an arguable basis in law or fact. "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." *Menendez,* 817 F.2d at 740 n. 5 (citation omitted).

■ The *Neitzke* Court held that a complaint that fails to state a claim is not invariably frivolous. *Neitzke,* 109 S.Ct. at 1832. We accept that it is possible, although unusual, for a complaint that fails to state a claim to nonetheless have an arguable basis in law and a fairly good chance of succeeding on its merits. But a complaint's failure to state a claim is evidence—perhaps even strong evidence—of its frivolousness; *Neitzke* says nothing to the contrary.

■ Regardless of whether a complaint states a claim, determining when an action is frivolous calls on the district court to exercise its discretion. *See Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 45, 35 S.Ct. 236, 237, 59 L.Ed. 457 (1915) (court had no duty to grant IFP request, but had authority to do so when "the case was found not to be frivolous; that is, was considered to be sufficiently meritorious to justify the allowance of the request"); *Ex parte Abdu,* 247 U.S. 27, 30, 38 S.Ct. 447, 448, 62 L.Ed. 966 (1918) (right to proceed IFP not absolute, but dependent on exercise of discretion by appellate court); *Washington–Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,* 263 U.S. 629, 634–35, 44 S.Ct. 220, 222, 68 L.Ed. 480 (1924) (Court allowed indigent

seamen right to proceed under admiralty law because under IFP statute "litigants [were dependent] upon the judicial discretion theretofore incident to leave to sue *in forma pauperis* "). "[D]rawing from his years of experience in reading complaints and living lawsuits from start to finish," a district judge is uniquely qualified to decide the likelihood that a lawsuit will succeed on its merits. *Spencer v. Rhodes,* 656 F.Supp. 458, 461 (E.D.N.C.), *aff'd without opinion,* 826 F.2d 1061 (4th Cir.1987).

■ The district court determined that Moreland's complaint set forth no constitutional claim under 42 U.S.C. § 1983. Failure to state a claim might signal frivolousness, but we think the complaint does state a constitutional claim. Moreland's pro se complaint alleges a significant and uncomfortable health problem, repeated efforts to obtain treatment, and a total lack of treatment for the problem; he says defendants were indifferent to his medical needs and invokes the eighth amendment. He also alleges that his condition can be (and in the past has been) successfully treated. Few lapses of medical care rise to the level of a constitutional violation, but the eighth amendment's proscription of the "unnecessary and wanton infliction of pain" is violated when a defendant's acts or omissions are "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A mere failure to exercise ordinary care in conducting an examination or inadvertence with regard to the provision of medical care may constitute medical malpractice, but is insufficient to support a section 1983 claim of a constitutional violation. *See Estelle,* 419 U.S. at 106, 97 S.Ct. at 292; *Hamm v. Dekalb County,* 774 F.2d 1567, 1574 (11th Cir.1985). Still, we are convinced that Moreland alleged enough to take his case arguably beyond an allegation of medical malpractice.

While the law allows substantial discretion in dismissing actions under the authority of section 1915(d), if a complaint presents an arguable basis in law and asserts something other than fanciful factual

allegations, the district court may not dismiss an action until the court has conducted a "sufficient inquiry" to determine whether the plaintiff's realistic chances of ultimate success are slight. *Menendez,* 817 F.2d at 740. Here, the action was dismissed without conducting an inquiry although the complaint presents an arguable basis in law and contains unfanciful facts.

Because we believe a district judge, on this record, could not properly conclude that Moreland's chances of ultimate success in this civil rights action are slight, we find an abuse of discretion in the district court's dismissal of Moreland's action. We vacate the dismissal and remand for further proceedings.

VACATED AND REMANDED.