Norman L. CLARK, Plaintiff–Appellant,

v.

STATE OF GEORGIA PARDONS AND PAROLES BOARD, et al., Defendants–Appellees.

No. 88–8942.

United States Court of Appeals, Eleventh Circuit.

Oct. 24, 1990.

---

Jane C. Barwick, Swift Currie McGhee &
Hiers, Atlanta, Ga., for plaintiff-appellant.

**638**

Terry L. Long, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before EDMONDSON and BIRCH, Circuit Judges, and RE [*], Chief Judge.

EDMONDSON, Circuit Judge:

Norman L. Clark appeals the dismissal of his *in forma pauperis* (IFP) section 1983 suit against the Georgia Pardons and Paroles Board and individual members of that Board ("Board" or "defendants"). Clark's suit asked for a declaratory judgment that defendants had violated his constitutional rights, for compensatory and punitive damages, for trial by jury, and for other and further relief as might be just and proper. The district court dismissed the suit, finding the claims "frivolous" under 28 U.S.C.A. § 1915(d). Because we conclude that Clark's section 1983 suit was not frivolous, we hold that the district court abused its discretion in dismissing the suit and vacate that dismissal, reinstating Clark's action.

## I. BACKGROUND

Clark, in 1979, was convicted of armed robbery and is serving a life sentence in the Georgia Penal System. In 1985, his brother Willie Lee Clark, a mental patient, was killed by prison guards at the Georgia State Prison in Reidsville, several months after a state judge had ordered Willie to be transferred out of the prison. Upon learning of Willie's death, Clark began to write letters to different lawyers in an attempt to find legal counsel to pursue claims against the prison and prison guards for damages for the wrongful death of his brother. Clark alleges that Warden Tytus Meadows called Clark to the warden's office and told him that the Board knew that he was writing lawyers about his brother's death and that if he didn't stop, "he would be along [sic] time getting out of prison." Later, a lawyer accepted the case, filed a section 1983 suit in federal court, and mailed a

copy of the complaint to Clark. According to Clark, Warden Meadows opened the letter, read the complaint, and told Clark that Meadows "would contact the parole board and tell the board that [Clark] was the instigator of the suit and that [he] would never get out of prison on parole until he was an old old man."

Clark also alleges that, as a result of his pursuing an action for the wrongful death of his brother, he was denied parole in 1985, 1986, and 1987, when other similarly situated prisoners were considered for and granted paroles. His complaint, which mixes this equal protection claim with an equal protection claim based on racial and sexual discrimination in the conferral of parole, lists other prisoners convicted of armed robbery, including his co-defendant, who were paroled while he was denied parole.

The district court granted Clark's petition to proceed IFP and then dismissed the suit pursuant to 28 U.S.C. § 1915(d). The court construed Clark's complaint as an application for writ of habeas corpus and dismissed the action because Clark had not exhausted his state remedies, as required. In the alternative, the district court examined Clark's due process and equal protection claims but concluded that they were frivolous.

## II. DISCUSSION

A. The Construction of the Suit as a Petition for Habeas Relief

At the outset, we note that the district court mischaracterized Clark's complaint as a petition for a writ of habeas corpus. As the district court noted, if a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). But, if a state prisoner in a section 1983 action seeks only prospective injunctive relief or damages, he does not have to seek habeas corpus relief. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Gwin v. Snow*,

---

[*] Honorable Edward D. Re, Chief Judge of the U.S. Court of International Trade, sitting by designation.

870 F.2d 616, 620 (11th Cir.1989).

■ This Circuit also follows the rule that if the relief requested under section 1983 would undermine a prisoner's conviction, the district court must treat the claim as a petition for the writ of habeas corpus. *See Gwin,* 870 F.2d at 626. Clark, however, does not attack his conviction, nor the fact or length of his confinement. He does not seek an immediate release from prison on parole. Instead, he seeks damages and a declaratory judgment that his constitutional rights were violated—in effect, a request for prospective injunctive relief so that the alleged consideration by the Board of his role in pursuing litigation against the Georgia prison and various prison guards does not occur again. Clark wants a change in the Board's procedure for considering parole, so that he will receive a fair parole decision in the future. *See Gwin,* 870 F.2d at 625. Thus, the district court erred in construing Clark's suit as a petition for habeas corpus relief.

B. Dismissal of Claims as "Frivolous" Under Section 1915(d)

Section 1915(d) is a broad grant of discretion to the district courts in the management of IFP cases. As a consequence, we review the decision of the district court to dismiss an IFP complaint for abuse of discretion. *Moreland v. Wharton,* 899 F.2d 1168, 1169–70 (11th Cir.1990).

■ When a plaintiff has been given permission to sue as an IFP plaintiff, the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S. C.A. § 1915(d). A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland,* 899 F.2d at 1170. As part of this process, the trial court in a section 1983 case determines "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong." *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987). Furthermore, "if a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court

may not dismiss an action until the court has conducted a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight." *Moreland,* 899 F.2d at 1169–70.

■ We believe that Clark's complaint states a claim upon which relief can be granted. Clark says, among other things, that he was denied parole because of his pursuing litigation against prison officers on account of his brother's allegedly wrongful death. If this is true, the equal protection clause may have been violated, whether Clark was the named plaintiff in the litigation or merely enabled others to pursue litigation by his acts. *See Serio v. Members of Louisiana State Bd. of Pardons,* 821 F.2d 1112, 1114 (5th Cir.1987) (factually supported allegation that parole board denied prisoner parole in retaliation for filing lawsuits against prison officials states an equal protection claim); *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1192, 1193 (5th Cir.1985) (claim of parole denial in retaliation for involvement in litigation against prison officials is an equal protection claim; if prisoner had alleged supporting facts, he would have stated a claim); *Adams v. James,* 784 F.2d 1077, 1081, 1082 (11th Cir.1986) (properly stated first amendment claim does not fail because protected activities were conducted on behalf of others and prison officials cannot retaliate against inmate for exercising constitutionally protected right); *Bridges v. Russell,* 757 F.2d 1155 (11th Cir.1985) (complaint cannot be dismissed when prisoner alleges that he was transferred for, among other things, preparing a grievance letter for another prisoner).

■ That the complaint states a cause of action does not mean that the action cannot be frivolous for the purposes of a section 1915(d) dismissal. *Menendez,* 817 F.2d at 739–40 (IFP complaint that states claim under Rule 12(b)(6) may nevertheless be dismissed under section 1915(d) if court becomes convinced that case is frivolous); *Jones v. Bales,* 58 F.R.D. 453, 463–64 (N.D. Ga.1972) (section 1915(d) allows dismissal where dismissal might be improper under Rule 12(b)(6)), *aff'd for reasons stated in district court order,* 480 F.2d 805 (5th

**640**

Cir.1973).[1] *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989) (Rule 12(b)(6) and section 1915(d) serve distinctive goals). But *nothing in the record before us establishes "frivolousness."* The facts asserted to support the claim are not fantastic. Clark has alleged that on two occasions Warden Meadows told him that the Board knew that Clark was writing lawyers and urging litigation about his brother's death, that Meadows would contact the Board and inform it that Clark was the instigator of the suit, and that Clark would not get out of jail for a long time. In addition, as the district court pointed out, Clark's co-defendant, apparently also a poor, black man and similarly situated to Clark, was paroled. This tends to support Clark's allegation that his litigation was considered by the Board when it denied Clark parole.

 Even if the complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified. For example, if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed.[2] If an action would bar all of the claims asserted in an IFP complaint, which is not frivolous on its face, is meaningless in a section 1915(d) analysis of whether the case is frivolous. *Prather* may have been decided correctly; but to the extent the *Prather* opinion purports to overrule *Harris v. Menendez* or to limit all section 1915(d) dismissals to dismissals pursuant to *Neitzke's* pleadings standard, what is said is broad *dicta* unnecessary to the outcome of *Prather*. We also note that before *Prather* was decided we discussed *Neitzke* and *Menendez* in *Moreland v. Wharton*, 899 F.2d 1168 (11th Cir.1990), and decided that *Menendez* was still good law in this Circuit. Therefore, we decline to conform to some of what was said in *Prather*.

---

1. We know that a panel of this court has recently suggested in *dicta* that at least portions of *Menendez* may have been implicitly overruled by the Supreme Court's 1989 decision in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). *See Prather v. Norman*, 901 F.2d 915 (11th Cir.1990) (reversing district court's dismissal of habeas petition under section 1915(d) for failure to exhaust state remedies).

 Before *Neitzke* was decided, the case law of this Circuit held that cases in which the complaints stated a cause of action could still be dismissed as frivolous under section 1915(d). *Neitzke* held that a complaint which fails to state a claim for Rule 12(b)(6) purposes is not inherently frivolous for section 1915(d) dismissal purposes and that complaints are not frivolous for the purposes of section 1915(d) if they present an arguable basis in law and fact.

 We, of course, accept the Supreme Court's ruling, that is, we accept that it is an abuse of discretion to conclude that an IFP case is frivolous—realistically has no better than a slight chance of success—because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact.

 *Neitzke's* holding is consistent with the earlier law of our Circuit as expressed in such cases as *Harris v. Menendez*, 817 F.2d 737 (11th Cir.1987), which held that cases in which the complaint states a claim for Rule 12(b)(6) purposes may still be frivolous under section 1915(d). *Neitzke* supports the proposition that a complaint which states a claim for the purposes of Rule 12(b)(6)—that is, one clearly having a basis in law—may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *See* 109 S.Ct. at 1831, 1832, 1833.

 More important, *Neitzke* does not purport to address or to limit the full range of circumstances that might make an IFP case frivolous. *Neitzke* addresses one kind of frivolousness: extreme weaknesses of a complaint on the complaint's face. *Neitzke* does not say, for example, that the existence of affirmative defenses that

2. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir.1988) (Parole Board members entitled to absolute quasi-judicial immunity from suit for damages); *Menendez*, 817 F.2d at 741; *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D.Ga.1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (IFP complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir.1986) (IFP suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332–33 (D.Ore.1983). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. *See Patterson*, 628 F.Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir.1989) (complaint dismissed because it reasserts allegations litigated in previous suit). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332.

 When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.

sought only money damages and the court knew that defendant was judgment proof, a section 1915(d) dismissal might be appropriate. If an identical claim had recently been litigated unsuccessfully by others, perhaps a section 1915(d) dismissal could be utilized. Possibly section 1915(d) could be used to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. And, if a plaintiff—especially a prisoner plaintiff—has a long history of bringing unmeritorious litigation, the court can consider that fact in deciding to dismiss a questionable claim. *See Menendez*, 817 F.2d at 741; *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir.1989) (prisoner has threatened to sue, and apparently has sued, every time his cell is searched); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F.Supp. at 1324. But, the record in this case establishes no explanation for concluding that Clark's case is frivolous.

Accordingly, we conclude that the district court, given the record before it, abused its discretion in determining that Clark's case was frivolous. The district court's dismissal of the case is VACATED and the case is REMANDED for further proceedings.