**Richard BURT, Plaintiff,**

v.

**Charlie JONES, et al., Defendants.**

**No. Civ.A. 00–0447–AH–L.**

United States District Court,
S.D. Alabama,
Southern Division.

April 9, 2001.

Richard Burt, Elmore, AL, for Plaintiff.

Andrew W. Redd, Albert S. Butler, Ala. Dept. of Corrs., Montgomery, AL, for Charlie Jones, Doc. McWhorter, defendants.

Ed Parish, Jr., Long & Parish, PC, Montgomery, AL, for Ms. Wasdin, Defendant.

### ORDER

HOWARD, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court. It is **ORDERED** that the supplemental

complaint (Doc. 13) be **DENIED** as to defendants Nurse Gandy, the unknown doctor at Kilby Correctional Center, and A,B,C, Insurance Company for Medical Correctional Services and that these defendants be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or (ii).

### REPORT AND RECOMMENDATION

LEE, United States Magistrate Judge.

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed a "Supplemental Complaint" (Doc. 13) in which he seeks to add more defendants and supplement his claims against Dr. McWhorter. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the supplemental complaint be denied as to Nurse Gandy, the unknown doctor at Kilby Correctional Center, and A, B, C Insurance Company for Medical Correctional Services and that these defendants be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). However, by separate order, Correctional Medical Systems, Inc. ("CMS"), Nurse Wasdin, and Dr. McWhorter are being served with the supplemental complaint.[1]

### I. *Nature of Proceedings.*

Plaintiff filed his "Supplemental Complaint" before defendants filed a responsive pleading to his complaint. Plaintiff's supplemental complaint is a narrative statement, which does not clearly set out his claims. If plaintiff had pleaded his

---

1. In light of this recommendation and the order entered contemporaneously with this recommendation, the defendants to this ac-

tion are now CMS (Doc. 13), Nurse Wasdin (Doc. 13), and Dr. McWhorter (Docs. 1 & 13).

supplemental complaint in the format of the court-provided complaint form or used the court-provided form to plead his claims, his claims would have been clearer, and he would have overcome some of the pleading problems noted herein.

The Court is reviewing the supplemental complaint under 28 U.S.C. § 1915(e)(2)(B). The Court is extending the screening provisions of § 1915(e)(2)(B) to review the supplemental complaint because the supplemental complaint was filed before defendants served a responsive pleading. *See* Fed.R.Civ.P. 15(a). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## II. *Discussion.*

### A. *Nurse Gandy.*

■ Nurse Gandy is referred to once by plaintiff in his substantive allegations. Plaintiff states: "Plaintiff was seen by a Ms. Wasdin & Ms. Gandy on three different medical complaints." In order to state a claim under 42 U.S.C. § 1983 against a defendant, a plaintiff must establish that the defendant's conduct deprived a him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). An Eighth Amendment medical claim requires that a "prisoner ... allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*

In the supplemental complaint, plaintiff merely stated that he was seen by Nurse Gandy on three occasions. This allegation falls short of the Eighth Amendment's requirement of a "deliberate indifference" and a "serious need." Thus, plaintiff has failed to connect Nurse Gandy to a deprivation of his constitutional rights. Accordingly, the Court finds that plaintiff has failed to state a claim upon which relief

can be granted against Nurse Gandy and that Nurse Gandy is due to be dismissed from this action. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.1986) (holding that in order to state a claim under § 1983, a plaintiff must causally connect a defendant's actions, omissions, customs, policies, or breaches of statutory duty to a deprivation of the plaintiff's constitutional or federal rights).

### B. *Unknown Doctor at Kilby Correctional Center.*

■ Plaintiff alleges that an unknown doctor at Kilby who appeared to be an Indian told plaintiff to get out of his office because plaintiff was faking illnesses. Plaintiff's description is not sufficiently particularized so service of process can issue for this defendant. Even though the defendant's name is not known, service of process could issue if sufficient information had been provided, for example, chief deputy of the county jail. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir.1992). Furthermore, considering the nature of plaintiff's allegations, it would be more appropriate to bring any claim that he may have against the doctor at Kilby in another action in the Middle District of Alabama, as the events giving rise to this claim occurred in the Middle District and the unnamed defendant is located in the Middle District. *See* 28 U.S.C. § 1391(b) (venue provisions for a § 1983 action). Accordingly, the undersigned finds that plaintiff has failed to state a claim upon which relief can be granted and that the unknown doctor is due to be dismissed.

### C. *A, B, C Insurance Company for Medical Correctional Services.*

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) ... the conduct complained of was committed by a person acting under color of state law; and (2) ... this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt*, 451 U.S. at 535, 101 S.Ct. at 1913. However, in the supplemental complaint, plaintiff made no allegations against A, B, C Insurance Company for Medical Correctional Services. Consequently, plaintiff has failed to establish that he suffered a deprivation of a constitutional or a federal right by this defendant and that this defendant acts under color of state law. Considering the nature of plaintiff's allegations, the Court finds that plaintiff's claim against A, B, C Insurance Company for Medical Correctional Services is frivolous and is due to be dismissed. *See Kilgo v. Ricks*, 983 F.2d 189, 194 (11th Cir.1993) (dismissing claims against prison commissioner as frivolous because there were no allegations of personal involvement or of a policy, which were the sole grounds upon which liability could be based).

### III. *Conclusion.*

Based upon the foregoing reasons, it is recommended that the supplemental complaint be denied as to Nurse Gandy, the unknown doctor at Kilby Correctional Center, and A, B, C Insurance Company for Medical Correctional Services and that these defendants be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or (ii).[2]

---

2. In the supplemental complaint, plaintiff also sought to add Assistant Warden Farrell as a defendant. Subsequently, plaintiff filed a Motion to Strike defendants Charlie Jones and officials of the Alabama Department of Corrections (Doc. 19). Because Farrell has not responded to the supplemental complaint, he has been effectively dismissed from this action. Fed.R.Civ.P. 41(a)(1). A separate order is being entered contemporaneously with this recommendation noting the dismissal of defendant Farrell.

The attached sheet contains important information regarding objections to the Report and Recommendation.