[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2006
THOMAS K. KAHN
CLERK

No. 05-12425
Non-Argument Calendar

_____

D. C. Docket No. 04-00413-CV-4-MMP-AK

RAYMOND C. MILLER, JR.,

Plaintiff-Appellant,

versus

WILLIAM A. WOODHAM,
Sheriff of Gadsden County,
GADSDEN COUNTY, FL,
A political subdivision of the State of Florida,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 12, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Raymond Miller, Jr., a pro se state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Miller argues that the district court abused its discretion by dismissing his complaint as frivolous.

In October 2004, Miller filed his § 1983 complaint against William A. Woodham, the Sheriff of Gadsden County, Florida, and Gadsden County, Florida, itself. Miller's § 1983 complaint addresses events that occurred in 1996. Specifically, Miller alleges that on July 7, 1996, the defendants arrested him without a warrant and detained him for 186 days. Miller contends that he did not receive a probable cause hearing within 48 hours of arrest, in violation of his Fourth and Fourteenth Amendment rights.

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), the district "court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). A district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. See Chappell v. Rich, 340 F.3d 1279, 1283

2

(11th Cir. 2003). Because Miller claimed that he was deprived of his rights in July 1996, he was required to file suit no later than August 2000. He did not file suit, however, until October 2004.

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990). "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." Id. Therefore, Miller's § 1983 complaint was barred by the statute of limitations and was frivolous. Accordingly, the district court did not abuse its discretion by dismissing Miller's complaint under § 1915(e)(2)(B)(i) as frivolous.[1]

To the extent Miller requests that his § 1983 complaint be converted to a 28 U.S.C. § 2254 petition, we note that because Miller was never convicted and is not

---

[1]Although it appears that the district court relied on Miller's failure to make material disclosures on his pleadings regarding previous litigation in dismissing his complaint, "we may affirm the district court as long as the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." Ochran v. United States, 273 F.3d 1315, 1318 (11th Cir. 2001) (citation and quotation marks omitted).

We also point out that Miller's brief on appeal does not challenge that part of the district court's order which discusses Miller's prior lawsuits and bars him from filing another civil rights action in any district court without a showing of imminent danger of serious physical injury and submission for review prior to filing by a magistrate judge. See Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc) (holding that a plaintiff "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court."). Thus, we do not address that part of the district court's order.

confined on the charges he seeks to challenge, § 2254 is not the proper avenue for relief. See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, ___, 125 S.Ct. 1242, 1245-46 (2005).[2]

**AFFIRMED.**

---

[2]Appellant's motion to dismiss defendant Sheriff William A. Woodham is denied as moot.