[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2010
JOHN LEY
CLERK

No. 09-13580
Non-Argument Calendar

_____

D. C. Docket No. 08-00054-CV-KD-C

MICHAEL JOHNSON,

Plaintiff-Appellant,

versus

MICHAEL GREAVES,
TIRAS CUNNINGHAM,
GUY BAKER,
DEBORA COTTON,
CORNELL WILSON,
DARRELL DAVID,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 25, 2010)

Before BIRCH, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Johnson, a federal prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal, under 28 U.S.C. § 1915A(b), of his *Bivens*[1] action. Johnson sued Michael Greaves, Tiras Cunningham, Guy Baker, and Debora Cotton, special agents for the Drug Enforcement Administration ("DEA"); Cornell Wilson, Jr., a forensic chemist for the DEA; and Darrell Davis, a laboratory director for the DEA, each in their individual and official capacity. He alleged that they violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and committed the following torts against him: false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, negligence, and gross negligence. Generally, he alleged that the agents falsely reported that he sold their informant crack cocaine, while the transactions really involved powder cocaine. Also, they used excessive force when they arrested him.

The district court concluded that Johnson's action was barred by *Heck*[2] and the statute of limitations, and it dismissed his case as frivolous. On appeal,

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Johnson argues that his action was not *Heck*-barred, and that, pursuant to *Spencer*,[3] the district court was required to consider whether habeas relief was available to him before dismissing his case as barred by *Heck*. In addition, he contends that the statute of limitations did not bar his excessive force claim, because he was entitled to equitable tolling of the limitations period. Finally, he argues that the district court should have granted his motion for reconsideration of its dismissal.

## I. *Heck*

We reject each of Johnson's arguments on this issue. First, there is no merit to his contention that the court was required to consider the availability of habeas relief before determining that his case was barred by *Heck*. Second, the district court correctly concluded that Johnson's claims of DEA misconduct were *Heck*-barred because, if his allegations were proven, the validity of his sentences would be implicated.

## II. Statute of Limitations

The district court's interpretation and application of the statute of limitations is reviewed *de novo*. *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003). "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."

---

[3] *Spencer v. Kenma*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

*Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n. 2 (11th Cir. 1990). "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.*

Actions brought under *Bivens* are subject to the statute of limitations governing personal injury actions in the state where the claim has been brought. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). Johnson brought his claim in Alabama, where the governing limitations period is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Ala. Code § 6-2-38).

The limitations period begins to run when the cause of action accrues, and this is a question of federal law. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury. *Id.* at 561-62.

Equitable tolling is an extraordinary remedy which is typically applied sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The plaintiff has the burden of showing that equitable tolling is warranted. *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008). It is most likely to be applied if the claimant "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or if his

adversary induced or tricked him into filing after the deadline. *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458. It generally is not appropriate if the claimant's late filing is a result of his "fail[ure] to exercise due diligence in preserving his legal rights." *Id.*

Here, Johnson did not allege facts tending to show that he diligently attempted to file his action within the statutory period, or that he filed his action as soon as he could. Accordingly, he did not show that equitable tolling was warranted.

### III. Motion for Reconsideration

A district court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007).

As discussed above, Johnson's action was barred by *Heck* and the statute of limitations. Accordingly, the district court did not abuse its discretion by denying his motion for reconsideration.

**AFFIRMED.**