[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11133
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24724-MGC


CHRISTIAN BORDA,

                                                    Plaintiff-Appellant,

versus


MICHAEL CHASE,
Special Agent of the DEA,
UNKNOWN AGENTS OF THE DEA,
UNKNOWN AGENTS OF THE FBI,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 26, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Christian Borda, a prisoner proceeding pro se, appeals the dismissal of his Bivens action.[1] The district court held that Borda's suit was barred by the applicable four-year statute of limitations. Borda argues on appeal that the facts supporting his suit became apparent only during cross-examination of DEA agent Michael Chase, which took place within the limitations period. After careful consideration, we affirm.

I.

We review the district court's grant of a motion to dismiss de novo, accepting the allegations in the complaint as true. Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915A, federal courts must screen prisoners' civil complaints against the government or its officers, dismissing any suits that are frivolous, malicious, or that fail to state a claim. 28 U.S.C. § 1915A(a)–(b). Expiration of the applicable statute of limitations warrants dismissal of a claim as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

Bivens actions are subject to the same statute of limitations that governs actions brought under 42 U.S.C. § 1983. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). Section 1983 actions are in turn subject to the relevant state's personal injury limitations period. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

2

1938, 1947 (1985). Florida's statute of limitations for personal injury claims is four years. Chappell, 340 F.3d at 1283. Borda's Bivens claim is therefore subject to that four-year clock.

That clock began to run when his cause of action accrued. Federal law determines when a federal claim accrues. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Accrual occurs when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. at 561–62 (quotation omitted). In other words, the statute of limitations starts to run when a plaintiff knows or should know that he was injured and who inflicted that injury. Id. at 562. We must first identify the injury alleged, and then determine when Borda could have sued for it. Id.

## II.

In December 2014, Borda filed a Bivens action against Chase and other government agents. Borda alleged that (1) Chase unreasonably seized his person in violation of the Fourth Amendment, and (2) Chase violated his Fifth Amendment procedural and substantive due process rights by knowingly making false statements in an affidavit supporting Borda's extradition from Colombia on drug trafficking charges. Borda claimed that the falsity of Chase's statements became apparent to him only during a Brady hearing[2] on December 12, 2011,

---

[2] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

3

when Chase was cross-examined about an alleged inconsistency between his field notes and the extradition affidavit.

The alleged inconsistency was as follows.  In ¶ 10 of the extradition affidavit, dated January 14, 2009, Chase stated that (1) Borda met his co-conspirators at a restaurant in Mexico to discuss smuggling cocaine into Mexico and the United States; (2) this meeting was observed by DEA agents; and (3) Borda agreed to arrange half of the 1,000-kilogram shipment.  During cross-examination at the Brady hearing, Chase testified that the notes on which he based this extradition affidavit did not specifically say that Borda agreed to smuggle drugs into the United States.  Instead, Chase's notes read: "Tony[3] authorized Junior[4] to move dope to Monterray [sic].[5]  Tony told [confidential informant] that he gave trust to Junior and he blew it."  Chase admitted that his statement in the extradition affidavit interpreted what the informant had told him.

Borda attached to his Bivens complaint a letter from the government to his attorney, dated June 22, 2010.  This letter, titled "RE: Questions in regard to extradition affidavit," answered specific queries from Borda's attorney regarding the extradition affidavit, including one about ¶ 10.

---

[3] The code name for Borda.
[4] The code name for one of Borda's co-conspirators.
[5] Monterrey, Mexico, is a city located relatively near the United States–Mexico border.

In screening Borda's case as required by § 1915A, the magistrate judge recommended that it be dismissed as barred by the four-year statute of limitations. The magistrate judge noted that Borda based his claim on an allegedly false affidavit dated January 14, 2009. The latest Borda could possibly have become aware of the affidavit was June 22, 2010, because the government's letter to Borda's counsel proved that Borda was aware of the affidavit's contents at that time, if not earlier. Yet Borda filed his complaint in December 2014, nearly six years after the affidavit and over four years after the letter.

Borda objected to the magistrate judge's R&R, arguing he was not actually aware that his constitutional rights were violated until the December 12, 2011 Brady hearing. However, Borda did not dispute the magistrate judge's finding that he was aware of the letter on June 22, 2010. He also acknowledged that he "was aware of some of the contents of the affidavit," but claimed he was not aware of ¶ 10's alleged falsity. The district court adopted the magistrate judge's R&R and dismissed Borda's complaint. This appeal followed.

### III.

Borda misconstrues the test for accrual. Whether he was actually aware of the affidavit's alleged falsity is only one component of the test. The other is whether the alleged falsity should have been apparent to a reasonably prudent person in his situation. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d

5

1259, 1261 (11th. Cir 2003) (per curiam) ("What Brown ignores is the fact that the statute of limitations begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'  For the purposes of this case the operative phrase is 'should be apparent.'" (citation omitted)).  Borda argues on appeal that "the factual background of the appellant's criminal case is entirely too complex," and nothing would "arouse the appellant's suspicion that potentially, one paragraph out of thousands of documents, was false."  He claims that "the District Court erred in dismissing the action as time barred by failure to have looked to when the appellant first realized that he had been injured."  But actual awareness is only half the test.

Chase's extradition affidavit issued January 14, 2009.  A letter to Borda's counsel responding to specific inquiries about the extradition affidavit is dated June 22, 2010.  Both in his objection to the R&R and on appeal, Borda admits that he was generally aware of the extradition affidavit: "[p]laintiff[][6] acknowledges that he was aware of some of the contents of the affidavit"; "[t]he letter in question generally informed the appellant that some of the intercepted wire taps were recorded, and would be interpreted by the government informant . . ."  Borda has

---

[6] In his filings below and on appeal, Borda refers to himself in the third person as "plaintiff" and "appellant," respectively.

never argued that he was unaware of the affidavit's <u>existence</u> at least as of June 22, 2010—only that he was unaware of its <u>falsity</u>.

The facts supporting Borda's <u>Bivens</u> claim would have been apparent to a person with a reasonably prudent regard for his rights as of at least June 22, 2010. Chase's allegedly false statement regarding Borda's drug smuggling activities occurred in ¶ 10 of the six-page extradition affidavit. Borda acknowledged that he was generally aware of the affidavit. And as soon as he became aware of the extradition affidavit, which would have been discoverable to a person with a reasonably prudent regard for his rights by at least the date of the letter to his counsel discussing it, Borda should have known that he was injured and who injured him. <u>See</u> <u>Rozar</u>, 85 F.3d at 562. Assuming that Chase's statement actually was false, Borda should have immediately recognized this mischaracterization of his own activities.

That Borda only later recognized the alleged falsity of ¶ 10 is immaterial to the accrual test's second component. Cross-examining Chase at the <u>Brady</u> hearing may have revealed the reason for the purported falsehood: an inconsistency between Chase's field notes and the extradition affidavit. But no such inquiry was needed to identify the alleged falsehood itself—which is the basis for Borda's <u>Bivens</u> claim—or who was responsible for it. The clock on Borda's claim thus began to run, at the latest, on June 22, 2010. By that time he should have been

aware of the affidavit's contents, even if he was not aware of its alleged falsity.[7]

Because Borda did not file his complaint until December 2014, it was barred by the four-year statute of limitations.

Borda's complaint also included a Fourth Amendment seizure claim, but he never stated when or how he was actually seized by Chase in violation of his rights.  This claim was not addressed by the magistrate judge or the district court, and Borda does not challenge that omission or raise the claim on appeal.  He has thus abandoned the issue.  See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).

We conclude that the district court did not err in dismissing Borda's action as barred by the statute of limitations.

**AFFIRMED.**

---

[7] Though we do not reach the merits, Borda's assertion that he was aware of the extradition affidavit but failed to recognize its falsehood undermines his claim.  He says that "there is no obvious indication[] on the face of the documents that could have made the appellant . . . investigate the veracity of paragraph #10 of the extradition affidavit."  But if Chase's statements regarding Borda's conduct were actually false, this falsity should have been immediately obvious to Borda simply from reading the affidavit.   Lies about one's own conduct—if they are lies— should have jump off the page.