[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15427
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00056-LJA

LAVARN C. WATSON,

Plaintiff-Appellant,

versus

GOVERNOR OF GEORGIA,
ADMINISTRATION OF THE JUDICIAL SYSTEM OF
GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 20, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lavarn C. Watson, a non-prisoner litigant proceeding pro se, appeals the

district court's dismissal of his complaint brought under 42 U.S.C. § 1983, alleging

violations of the First, Eighth, Thirteenth, and Fourteenth Amendments, as frivolous pursuant to 28 U.S.C. § 1915(e)(2). On appeal, Watson does not address this dismissal or argue that it was error. After thorough review, we affirm.

The district court "shall dismiss" a case filed IFP if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A determination of frivolity is a matter within the discretion of the district court, and we will review these determinations only for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A claim is frivolous if it is without arguable merit in either fact or law. Id. Even if the complaint legally states a claim and the facts are not fantastic, dismissal on grounds of frivolousness might nonetheless be justified. Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990). For example, if the district court concludes that an affirmative defense would defeat the action, the action may be dismissed as frivolous. Id.

Although we construe pro se briefs liberally, we will not act as de facto counsel for litigants, and a pro se litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); see also Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming issue abandoned where plaintiffs made a single reference to the issue in their brief, did not discuss district court's analysis on that

2

issue, and did not make any legal or factual argument as to why district court's decision was in error).  A party fails adequately to brief a claim when he does not plainly and prominently raise it, for instance, by devoting a discrete section of his argument to that claim. Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013).  Passing references to an issue do not suffice.  Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

On appeal, Watson restates his claims that the defendants violated his constitutional rights by keeping the courtroom door locked, denying him access to the courts, restricting his movement, and segregating the courtroom.  Watson does not address the district court's dismissal of his complaint.  Notably, he does not assert that his claims were not frivolous, nor does he discuss the affirmative immunity defenses cited by the district court as the reason for dismissal. Therefore, he has abandoned any claim he might have had that this dismissal was an abuse of discretion, and we affirm.  See Timson, 518 F.3d at 874; Denney, 247 F.3d at 1182.

**AFFIRMED**.

3