[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13875
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-00078-CAR

RHONDA REID,

Plaintiff-Appellant,

versus

REPUBLIC BANK AND TRUST INC,
MARIA SANTOS,
KATHY JOHNSON,
ATTORNEY GENERAL, STATE OF GEORGIA,
RENE MATHEW,
State Revenue, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 12, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Rhonda Reid appeals the district court's order dismissing her amended complaint, under 42 U.S.C. § 1983, as barred by the statute of limitations. As brief background, the claims in Reid's amended complaint primarily concern her arrest and subsequent trial and conviction in state court on racketeering charges. It appears those charges arose out of Reid's part in a scheme that involved cashing forged and fraudulent tax refund checks drawn on the account of Republic Bank & Trust. According to the allegations in the amended complaint and the attached documents, the arrest occurred in 2008, Reid was convicted of racketeering in 2012, she was released on probation in 2015, and she completed her sentence on March 26, 2019. Reid initiated the instant action in August 2019.

While much of Reid's amended complaint—and the claims alleged therein—is unintelligible, it appears to assert claims for negligence, defamation, slander, and malicious prosecution against several defendants, including Republic Bank & Trust, the Georgia Attorney General, the Georgia Superior Court Judge who presided over Reid's trial, and various persons Reid claims offered false testimony against her at trial. Reid sought 750 million dollars in damages from the various defendants.

2

The district court concluded that the facts alleged in the complaint occurred and were known to Reid in 2008, and all of her claims were therefore barred by the statute of limitations.  On appeal, Reid asserts that her claims were not barred by the statute of limitations because they did not accrue until March 26, 2019, the date she completed her sentence on the racketeering charges.  After review, we affirm.[1]

Under § 1915(e)(2), the district court "shall dismiss" an indigent plaintiff's complaint any time it determines that (1) the allegations of poverty are untrue, or (2) the action or appeal is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2).  The expiration of the statute of limitations serves as an affirmative defense, the existence of which warrants a dismissal as frivolous.  *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990).  A § 1983 claim is governed by the forum state's personal injury statute of limitations.  *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).  In Georgia, "actions for injuries to the person shall be brought within two years after the right of action accrues," while actions for injuries to reputation are to be brought within one year.  O.C.G.A. § 9-3-33.  Federal law determines when the statute of limitations period for a § 1983

---

[1]We review the *sua sponte* dismissal of a case under 28 U.S.C. § 1915(e)(2) *de novo*. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2006).  We may affirm the district court on any ground supported by the record.  *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

action begins to run. *Lovett*, 327 F.3d at 1182. Generally, the limitations period begins running when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (quotation marks omitted).

Here, the "facts which would support" Reid's claims for negligence, defamation, and slander—all of which concern her 2008 arrest and subsequent trial—would have been apparent to her by, at the latest, sometime in 2012, and those claims fall outside of the statute of limitations for § 1983 claims. *See Clark*, 915 F.2d 636. As for her claim for malicious prosecution, the district court found these claims to be similarly barred by the statute of limitations, as the facts supporting that claim also were known to Reid at the time of her arrest and trial. But even assuming the relevant facts were known to Reid at that time, no action for malicious prosecution would have accrued until and unless Reid's criminal prosecution was "terminated in [her] favor." *See Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018). As such, the district court's reasoning may have been flawed to the extent it assumed that any viable malicious prosecution claim Reid alleged accrued, if at all, sometime in 2012.

That said, it is nonetheless clear that Reid's malicious prosecution claims were subject to dismissal under § 1915(e)(2), and we may affirm the district court's dismissal on any ground supported by the record. *See Kernel Records*, 694

4

F.3d at 1309.  We conclude, based on the allegations in the amended complaint, that any malicious prosecution claim never accrued at all, as there is no allegation that Reid's prosecution was ever "terminated in [her] favor."  *See Blue*, 901 F.3d at 1357.  The amended complaint states that Reid believes the prosecution "has been resolved in [her] favor" because the Georgia Department of Revenue has indicated that her tax obligation for 2007 was "paid in full."  It is unclear how this directly relates to Reid's racketeering conviction, other than that the alleged racketeering scheme involved forged or fraudulent tax refund checks issued around that time. In any case, the amended complaint and the attached documents establish that Reid was convicted after a jury trial, and there is no allegation or indication that the conviction has ever been vacated or otherwise called into question.   Reid insists her claims accrued on March 26, 2019, when she finished serving her sentence, but the fact that her sentence is complete does not mean the prosecution has been "terminated in [her] favor."  *Id.*

Accordingly, the district court did not err in dismissing the case, and we affirm.  28 U.S.C. § 1915.

**AFFIRMED.**

5