[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-10359

Non-Argument Calendar

————————————————

In re: ERIC WATKINS,

                                                                    Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-mc-63180-WPD

————————————————

Before ROSENBAUM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, filed a motion seeking leave to file a 42 U.S.C. § 1983 complaint alleging constitutional claims stemming from his suspension from a public library.  Watkins alleged that, on January 2, 2019, he was suspended from the library for thirty days following an altercation with a library supervisor.  After the supervisor instructed him not to curse in the library, Watkins denied cursing and objected to the supervisor's calling Watkins "sir," stating, "my name is not sir thats a faggot and a madicone" [sic].  The supervisor asked Watkins to leave for the day for cursing at him.  Watkins denied cursing, again equated "sir" with the two anti-gay slurs, and then took a seat at a table.  About thirty minutes later, the supervisor returned with two police officers and ordered Watkins to leave the library and suspended him for thirty days.  Watkins later won his appeal of the suspension.  Watkins claims that the actions of the library supervisor and the two officers violated his constitutional rights to patronize a public library and to free speech.

Watkins is a serial litigant who is subject to a filing injunction that prevents him from filing any new lawsuit in the Southern District of Florida without prior court approval.  In a prior case, we affirmed the filing injunction so long as the court merely screened out the "frivolous and malicious" claims and allowed the "arguable" or "colorable" claims to go forward.  *See Watkins v. Dubreuil*, 820 F. App'x 940, 948–49 (11th Cir. 2020) (quotation marks omitted).  The district court screened Watkins's proposed pleading and determined he did not present an arguable case.  Watkins appeals.

23-10359                Opinion of the Court                3

In general, we review *de novo* the legal sufficiency of a claim, accepting the factual allegations in the complaint as true. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Yet "[a] determination of frivolity is best left to the district court, and we will review such determinations only for abuse of discretion." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In reviewing for frivolity, the court may consider facts outside the complaint, including "a litigant's history of bringing unmeritorious litigation." *Id.* at 1350; *see also Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640–41 (11th Cir. 1990). Because the district court here screened for frivolity and considered facts outside the complaint, we review for an abuse of discretion.

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349; *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (frivolity "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). Moreover, even if a complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified in certain narrow circumstances, such as a "questionable claim" by a litigant with a "long history of bringing unmeritorious litigation" or where "an affirmative defense would defeat the action," such as immunity. *Clark*, 915 F.2d at 640–41 & n.2. Any finding of frivolity must have support in the record, though. *See id.* (vacating and remanding where "the record in this case establishes no explanation for concluding that [the] case is frivolous"). The court may not simply "adopt[] a presumption of frivolity." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 519 (11th Cir. 1991).

Here, the district court did not abuse its discretion by concluding that Watkins's proposed pleading, dated December 31, 2022, was without arguable merit. *See Bilal*, 251 F.3d at 1349. Contrary to Watkins's claim, the court was permitted to consider facts outside the complaint, including "a litigant's history of bringing unmeritorious litigation" and obvious potential defenses. *Id*. at 1350; *Clark*, 915 F.2d at 640–41 & n.2. Citing numerous prior unsuccessful lawsuits, the court, which has the most familiarity with Watkins's litigation history, found that Watkins "has a pattern of cursing and displaying disruptive behavior in public places, like singing anti-gay songs, complaining about the term 'Sir'[,] and using of the word 'Faggot',", and then suing those who confront him. And it reasoned that Watkins's current pleading was consistent with that pattern. While Watkins disputes the court's authority to rely on his litigation history, he has not challenged the court's description of that history or its parallels to this case.

Not only that, but Watkins presented "questionable" claims that would almost certainly be defeated by the defense of qualified immunity. *See Clark*, 915 F.2d at 640–41 & n.2. Watkins sued the library supervisor and police officers individually for damages under § 1983, so to prevail he would have to show that the defendants violated a clearly established constitutional right. *See Waldron v. Spicher*, 954 F.3d 1297, 1303 (11th Cir. 2020). He cannot do so.

The First Amendment protects the right to receive information, including the "right to some level of access to a public library." *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d

1242, 1255 (3d Cir. 1992); *see Neinast v. Bd. of Trustees of Columbus Metro. Library*, 346 F.3d 585, 591 (6th Cir. 2003). But that right of access does not permit patrons to engage in "conduct that would disrupt the quiet and peaceful library environment." *Kreimer*, 958 F.2d at 1256. Similarly, we have recognized a "constitutionally protected liberty interest" to use public property under the ordinary conditions in which the property is made available to the public. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266–67 & n.5 (11th Cir. 2011).

According to Watkins's own allegations, he was ordered to leave the library and suspended for thirty days only after repeatedly using anti-gay slurs in response to the ordinary honorific "sir" and ignoring the library supervisor's request to leave the library for cursing. Watkins does not dispute that the library reasonably could view cursing or offensive language as disruptive to the "quiet and peaceful library environment." *Kreimer*, 958 F.2d at 1256. Rather, he mainly disputes that he ever cursed *at* the library supervisor. But as the district court observed, the supervisor reasonably could have viewed Watkins's use of the anti-guy slurs as tantamount to cursing, whether directed at the supervisor or not. And it does not strike us as unreasonable for the officers to have acted on the supervisor's seemingly reliable statements without first questioning Watkins.

To the extent these events violated Watkins's constitutional rights, we see nothing to suggest that the contours of those rights were defined enough to give the defendants "fair notice" that their

conduct violated Watkins's constitutional rights in the specific context of this case. *See Patel v. City of Madison, Ala.*, 959 F.3d 1330, 1338 (11th Cir. 2020) ("[H]e must show that his right was clearly established in light of the specific context of the case, not as a broad general proposition, at the time of [the defendant's] actions, so as to have provided fair notice to [the defendant] that his actions violated [the plaintiff's] rights."). This is not a context in which existing precedent has "placed the statutory or constitutional question beyond debate." *Johnson v. City of Miami Beach*, 18 F.4th 1267, 1274 (11th Cir. 2021).

For these reasons, we affirm the district court's denial of Watkins's motion for leave to file a complaint.

**AFFIRMED.**