[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13059
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cv-00016-RWS

MAJOR FORTSON,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
RONNIE BATCHELOR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 28, 2015)

Before JORDAN, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Major Fortson appeals pro se dismissal under 28 U.S.C. § 1915(e)(2)(B) of his civil rights action under 42 U.S.C. §1983 and 42 U.S.C. § 1985 against the State of Georgia and Gwinnett County Superior Court Judge Ronnie K. Batchelor. We affirm.

## I. BACKGROUND

In January 2014, Fortson, proceeding pro se and in forma pauperis, filed a complaint naming as defendants the State of Georgia and Judge Ronnie K. Batchelor (collectively, "the state"). Fortson's allegations arose from the April 2011 dismissal of a complaint he had filed in state court. He alleged he had filed the state complaint against his former attorney, Render Freeman and Freeman's law firm, for fraud, negligent misrepresentation, legal malpractice, and breach of contract. The state complaint was dismissed because Fortson failed to attach a supporting expert affidavit, required by O.C.G.A. § 9-11-9.1(a).

Fortson's federal civil-rights complaint contained five counts. In Count I, he maintained the dismissal of his state complaint violated his right to a jury trial, because he had not agreed to forfeit that right. In Count II, he alleged his equal protection and due process rights had been violated, because Freeman's motion to dismiss was granted, and Fortson's state complaint was dismissed without depositions, affidavits, or other documentation. In addition, Freeman's law firm had obtained a bill of peace without depositions, admissions, or supporting

2

documentation.  In Count III, Fortson alleged Judge Batchelor conspired with Freeman and Freeman's law firm to violate Fortson's civil rights under 42 U.S.C. § 1985.  He based his allegation of conspiracy on the circumstances surrounding the dismissal of his state complaint and the alleged mishandling of his state case. Fortson specifically contended granting a bill of peace violated his due process rights.

In the heading for Count IV, Fortson cited O.C.G.A. § 23-2-53 with the phrases "an allegation of nondisclosure of material information" and "negligent misrepresentation."  ROA at 429.  In this claim, he alleged the state trial judge knew of the attorney-client relationship between Fortson and Freeman; therefore, a jury should have decided Freeman's negligence and fraud issues.  Fortson contended the state judge failed to decide his allegation of fraud against Freeman and had protected Freeman in that case.  In Count V, Fortson alleged his First Amendment, free-speech rights had been violated under § 1983, and the state and Judge Batchelor had conspired to deprive him of those rights under § 1985.  He also maintained the denial of a jury trial infringed his First Amendment rights.

Fortson sought (1) damages, (2) an order declaring Judge Batchelor's orders void, and (3) a ruling that two Georgia statutes, O.C.G.A. § 9-11-9.1, requiring expert affidavits in professional malpractice suits, and O.C.G.A. § 23-3-110, governing when courts may entertain a bill of peace, were unconstitutional.  The

3

state moved to dismiss his federal complaint.  The district judge later dismissed Fortson's federal complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B).

On appeal, Fortson asserts the district judge erred in granting the state's motion to dismiss his federal complaint.  He also suggests O.C.G.A. § 9-11-9.1 violates federal law, because the Federal Rules of Civil Procedure do not require such affidavits.  Fortson further suggests Judge Batchelor's dismissal order was void, because he did not follow the law and acted without subject-matter jurisdiction.

## II. DISCUSSION

In forma pauperis proceedings are governed by 28 U.S.C. § 1915.  *Hughes v. Lott*, 350 F.3d 1157, 1159 (11th Cir. 2003).  Under § 1915(e)(2)(B), a district judge "shall dismiss [a] case at any time," if he or she determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  A judge's authority to dismiss sua sponte a complaint based on frivolity is provided for, even mandated, by § 1915(e)(2)(B)(i).  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  We review a district judge's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) for abuse of discretion.  *Hughes*, 350 F.3d at 1160.  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  Likewise, "[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight."  *Moreland v. Wharton*,

4

899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (citations and internal quotation marks omitted).

We construe pro se pleadings liberally. *Hughes*, 350 F.3d at 1160. Nevertheless, "[a] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). We may affirm the dismissal of a complaint on any grounds supported by the record, even one the district judge did not consider. *Seminole Tribe of Fla. v. Fla. Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014).

Any "person" who deprives a United States citizen or person within the jurisdiction of United States "of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Additionally, "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," then the injured party may sue the conspirators to recover damages caused by the injury or deprivation. *Id.* § 1985(3). The residual personal-injury statute of limitations of the forum state applies to § 1983 and § 1985 actions. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam). In Georgia, the limitations period is two years. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam); *see* O.C.G.A. § 9-3-33. The

5

limitations period begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett*, 327 F.3d at 1182 (citation and internal quotation marks omitted).

As an initial matter, Fortson's argument on appeal proceeds from a misunderstanding of the disposition below.  Contrary to Fortson's assertions in his brief, the district judge did not grant the state's motion to dismiss but dismissed his complaint sua sponte as frivolous under § 1915(e)(2)(B)(i).  *See Miller*, 541 F.3d at 1100.

The district judge's determination that Fortson's federal complaint was frivolous was not an abuse of discretion.  *See Hughes*, 350 F.3d at 1160.  As the judge noted, Fortson included only a sparse account of the facts; none of his factual allegations suggest that his constitutional rights were violated.  Judge Batchelor dismissed the state complaint as part of the normal case proceedings under Georgia's procedural rules.  *See* O.C.G.A. § 9-11-9.1 (requiring an expert affidavit in professional malpractice suits).  In addition, Fortson's complaint does not contain any allegations related specifically to the State of Georgia.  Consequently, the judge's determination Fortson's complaint lacked arguable merit in law or fact was not an abuse of discretion.  *See Bilal*, 251 F.3d at 1349.

6

Although Fortson raised claims in his federal complaint that O.C.G.A. § 9-11-9.1 and § 23-3-110 were unconstitutional, he does not explicitly raise those arguments in his appellate brief; therefore, he has abandoned them. *See Access Now, Inc.*, 385 F.3d at 1330. His contention on appeal that O.C.G.A. § 9-11-9.1 violates federal law because the Federal Rules do not contain a similar requirement is frivolous. He has shown no authority suggesting federal and state procedural rules must be identical or the affidavit requirement of § 9-11-9.1 violates federal law.

Significantly, Fortson's §1983 and § 1985 claims are all barred by the Georgia two-year statute of limitations. *See Lovett*, 327 F.3d at 1182; *see also* O.C.G.A. § 9-3-33. The events in Fortson's federal complaint occurred in April 2011, when his state complaint was dismissed. Fortson knew or should have known of the facts giving rise to his federal claims at the time his state complaint was dismissed; therefore, the limitations period began to run in April 2011. *See Lovett*, 327 F.3d at 1182. Nonetheless, he did not file his federal complaint until January 2014, nearly three years later, after the limitations period had expired. *See id.* To the extent Fortson requested the district judge to void any state judgments, his claims were barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005) (holding the *Rooker-Feldman* doctrine bars "cases brought by state-court losers

7

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Accordingly, we affirm dismissal of Fortson's complaint as frivolous under § 1915(e)(2)(B)(i).

**AFFIRMED.**