[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11439
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00128-JRH-GRS


NOAH F. CORBITT,

Plaintiff-Appellant,

versus

LISA GODBEY WOOD,
Chief Judge,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 27, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Noah Corbitt, a Georgia state prisoner proceeding *pro se*, appeals the district court's dismissal of his § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  After careful review, we affirm.

## I.    BACKGROUND

In 2015, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 against Chief Judge Lisa Godbey Wood of the U.S. District Court for the Southern District of Georgia.  In his complaint, Plaintiff alleged that Judge Wood relied on two false statements in denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  First, Judge Wood stated that she had completed a *de novo* review of the entire record.  However, the Georgia Office of the Attorney General—counsel for Warden Marty Allen in the § 2254 proceedings—filed a notice, indicating that it would not be submitting transcripts for the habeas proceedings, as they were not relevant to whether Plaintiff's § 2254 petition was timely filed.  Second, Plaintiff alleged that Judge Wood improperly stated that Plaintiff admitted that the state court had ruled on the merits of his habeas corpus petition.

As relief, Plaintiff sought to have his § 2254 proceeding re-opened, and an order requiring Warden Allen to file a complete copy of the record and to explain his allegedly false statements and other violations of the rules and protocol.

A magistrate judge issued a report and recommendation (R&R), recommending that the complaint be dismissed with prejudice on frivolity grounds, that Plaintiff not be permitted to amend his complaint, and that the case be counted as "strike" for purposes of 28 U.S.C. § 1915(g). Over Plaintiff's objections, the district court adopted the R&R and dismissed his complaint with prejudice.

On appeal, Plaintiff continues to challenge the dismissal of his § 2254 petition. He reiterates that Judge Wood relied on false statements in dismissing his habeas petition, and he requests that his case be reopened, and the Georgia Office of the Attorney General provide a complete copy of his file, as well as an answer to the arguments Plaintiff raised during the § 2254 proceeding.

## II.    DISCUSSION

We review the district court's *sua sponte* dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Section 1915(e)(2)(B)(i) provides that a district court shall dismiss a case proceeding *in forma pauperis* at any time if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i); *see also* 28 U.S.C. § 1915A(b)(1) (providing that a complaint filed by a prisoner against a governmental officer may be dismissed if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."). An action is frivolous if "it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346,

1349 (11th Cir. 2001); *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) ("A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." (quotations omitted)).

In his appellate brief, Plaintiff does not raise any arguments pertinent to the district court's dismissal of his complaint as frivolous. Instead, he essentially reiterates the allegations from his complaint. Plaintiff has therefore abandoned any arguments he may have had challenging that dismissal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

Nevertheless, even if we concluded that Plaintiff had not abandoned his challenge to the district court's dismissal of his complaint, the district court did not abuse its discretion by dismissing his complaint as frivolous. Because Plaintiff asserts a claim against a federal judge and not a state actor, his claim is more properly brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983. *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) ("'The effect of *Bivens* was to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials. Thus, courts generally apply § 1983 law to *Bivens* cases.'"). But regardless, Judge Wood is absolutely immune from a request

4

for injunctive relief, as Plaintiff seeks the re-opening of his § 2254 proceeding and an order directing the Georgia Office of the Attorney General to file a copy of the transcript and to explain his allegedly false statements. *See Bolin v. Story*, 225 F.3d 1234, 1239–1242 (11th Cir. 2000) (explaining that federal judges are absolutely immune from injunctive relief, as well as monetary damages). Accordingly, the district court did not abuse its discretion in denying his claim as frivolous.[1]

Moreover, the district court also did not err by not permitting Plaintiff to amend his complaint before dismissing it with prejudice. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a litigant need not be given the opportunity to amend his complaint if amendment would be futile). Nor did the district court err by counting Plaintiff's action as a "strike" for purposes of § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that a prisoner who brings three or more civil actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim, shall not be permitted to bring additional civil actions or appeals unless there is an imminent risk of serious physical injury).

**AFFIRMED.**

---

[1] Plaintiff's request to re-open his habeas proceedings, as well his request for an explanation of the allegedly false statements made during those proceedings implicitly question the legitimacy of the State's custody. Thus, Plaintiff's lawsuit is also an impermissible attempt to challenge the dismissal of his § 2254 petition. *See Abella v. Rubino*, 63 F.3d 1063, 1066 & n.4 (11th Cir. 1995) ("[I]njunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or *Bivens* actions.").