[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14497
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cv-01428-RBD-GJK


STACI-JO BARNES, ENA BARNES,

                                        Plaintiffs-Appellants,

versus

FEDERAL COMMUNICATIONS
COMMISSION,
FEDERAL BUREAU OF INVESTIGATION,
NATIONAL SECURITY AGENCY,

                                        Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 17, 2020)

Before WILSON, BRASHER and ANDERSON, Circuit Judges.

PER CURIAM:

Staci-Jo Barnes,[1] proceeding *pro se*, appeals the district court's order dismissing her amended complaint with prejudice for failure to either (1) pay the required filing fee or (2) comply with the district court's order to file a renewed motion to proceed *in forma pauperis* ("IFP"). The Federal Communications Commission, the Federal Bureau of Investigation, and the National Security Agency have moved for summary affirmance and to stay the briefing schedule. Upon consideration, the agencies' motion for summary affirmance is due to be GRANTED. Accordingly, the accompanying motion to stay the briefing schedule is DENIED as moot.

## BACKGROUND

Barnes filed this lawsuit against the Federal Communications Commission, the Federal Bureau of Investigation, and the National Security Agency alleging various claims for invasion of privacy and misappropriation of private information. Barnes alleges that the three agencies have tampered with her mail, wiretapped her phone, hacked her computer, and monitored the interior of her home through cameras placed in cable boxes for almost ten years. She further alleges that the agencies misappropriated and illegally disseminated the information learned through these activities to film producers for the creation of film characters and plots. Finally,

---

[1] This appeal was administratively dismissed as to co-plaintiff Ena Barnes for want of prosecution on January 6, 2020.

she claims that the agencies have obstructed justice by preventing her from corresponding with the court and retaining legal counsel and by defaming her as part of a wider campaign of harassment and intimidation.

Along with her complaint, Barnes filed a form application to proceed IFP, in which she alleged that her gross wages totaled $400 per month.  Barnes also included a handwritten statement, explaining that she had been "blacklisted" by the agencies and, as a result, had been unable to find regular employment. She stated that she had $30 in her checking and savings accounts, spent $250 per month on utilities and transportation, and had debt totaling $35,000.

A magistrate judge recommended denying Barnes's IFP motion and dismissing her complaint with prejudice. The magistrate judge concluded that Barnes's complaint was frivolous and did not contain a short and plain statement establishing a right to relief as required by Federal Rule of Civil Procedure 8. On that basis, and because it was Barnes's third complaint asserting these claims against the agencies, the magistrate judge recommended that her IFP motion be denied and her complaint be dismissed with prejudice. Barnes objected, arguing that she had adequately pled her complaint and that dismissal with prejudice would violate her due process rights.

On September 10, 2019, the district court entered an order adopting the magistrate judges' report and recommendation in part but declining to dismiss the

3

case with prejudice. The district court instead ordered Barnes to file an amended complaint and a renewed IFP motion by September 24, 2019. The district court explained that Barnes's claims were not plausible on their face and that additional factual allegations were needed "to push the [c]omplaint beyond mere conclusions and into plausibility." The court warned Barnes that "[f]ailure to timely file will result in the closure of this action without further notice."

On September 23, 2019, Barnes filed an amended complaint nearly identical to the original complaint. On September 27, 2019, the district court entered an order acknowledging Barnes's amended complaint and noting that, as of that date, Barnes had failed to file a renewed IFP motion. The district court then extended the deadline for Barnes to either file the renewed IFP motion or pay the filing fee to October 3, 2019. The court again warned Barnes that it would close the case if she did not timely file her renewed IFP motion.

On October 8, 2019, the district court entered an order dismissing the amended complaint with prejudice and closing the case. The court noted that, although Barnes had filed an amended complaint as ordered, she failed to either timely file a renewed IFP motion or pay the filing fee. That same day, Barnes filed the renewed IFP motion, which was signed and dated October 3, 2019. Barnes included a statement advising the court that she had not received the court's September 27th order until October 4th, and that the agencies had been tampering with her mail.

4

On October 11, 2019, the district court entered another order acknowledging that Barnes had filed her renewed IFP motion prior to entry of its dismissal order but noting that the motion was still untimely. On that basis, the district court denied Barnes's renewed IFP motion. Barnes filed a notice of appeal that designated the order entered on October 11, 2019 as the order appealed from. However, she attached to her notice a copy of the court's October 8, 2019 order dismissing her amended complaint with prejudice and presented arguments challenging that order. Barnes filed her opening brief on February 18th, 2019, to which the agencies responded by moving for summary affirmance.

## STANDARD OF REVIEW

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] We review the dismissal of a complaint for failure to comply with a district court's order for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). That discretion is especially broad here because

---

[2] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

Congress has given district courts a "broad grant of discretion" when managing *in forma pauperis* cases. *Moreland v. Wharton*, 899 F.2d 1168, 1169 (11th Cir. 1990).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## DISCUSSION

When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Insofar as she appeals the district court's denial of her renewed IFP motion, she has abandoned any argument challenging that denial by failing to raise them in her brief.

Barnes responds to the district court's order dismissing her amended complaint by making several arguments, none of which have merit. First, she argues that by dismissing her case with prejudice the district court has deprived her of due process. Second, she argues that her failure to timely file a renewed IFP motion was due to the agencies' "obstruction of justice tactics" that resulted in her untimely receipt of the district court's order setting the deadline for October 3rd, 2019. She claims these tactics include tampering with her mail and hacking her computer. She

6

argues that the district court abused its discretion by not considering these extenuating circumstances and granting her additional time. We address each argument in turn.

First, the district court's dismissal with prejudice did not violate Barnes's due process rights. Barnes was given an opportunity to object to the magistrate judge's recommendation that the case be dismissed with prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Furthermore, rather than adopting the report and recommendation entirely, the district court allowed Barnes an opportunity to amend her complaint and file a renewed IFP motion. The district court even gave Barnes an extension of time to file her renewed IFP motion after it received only her amended complaint.

Second, the district court did not abuse its discretion in dismissing the amended complaint with prejudice. A district court may *sua sponte* dismiss a case for failure to obey court rules and orders "based on two possible sources of authority: Rule 41(b), or the court's inherent power to manage its docket." *Betty K Agencies, LTD v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (Under Rule 41(b) a court may dismiss a case *sua sponte* for failure to comply with court orders). "While dismissal is an extraordinary remedy, dismissal upon

7

disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, the district court did not abuse its discretion when it dismissed Barnes's amended complaint for failure to timely comply with its order to file a renewed IFP motion. First, the district court warned Barnes multiple times – both in its September 10th order partially adopting the report and recommendation and its September 27th order extending the deadline to file a renewed IFP motion – that her failure to comply could result in dismissal of her complaint. Second, Barnes's contention that extenuating circumstances prevented her from complying with the court's order is belied by the record. Specifically, although Barnes alleged that she did not receive the district court's September 27th order until October 4th, the day after the extended deadline had run out, her renewed IFP motion was signed and dated October 3rd (though not filed until October 8th). Moreover, that order was the second time the district court had ordered Barnes to file a renewed IFP motion. Barnes has not alleged that she did not receive the district court's first order instructing her to do so, filed on September 10th, in a timely manner. That order also required Barnes to amend her complaint, which she did.

Finally, dismissal with prejudice is proper in this case. Typically, dismissal with prejudice is "plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct

8

such conduct." *Betty K Agencies, LTD*, 432 F.3d at 1339; *see also Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). The district court may make those findings implicitly. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). Here, Barnes's unexcused delay in filing a renewed IFP motion despite twice being ordered to do so establishes "a clear pattern of delay." Furthermore, the magistrate judge noted in his recommendation that this was Barnes's third civil action against these agencies based on the same set of "fanciful, fantastic, and delusional" allegations. The two prior complaints were also dismissed – one for frivolousness. These facts support a finding that lesser sanctions, including dismissal without prejudice, would not have sufficed.

## CONCLUSION

Because there is no substantial question that the district court did not abuse its discretion by dismissing Barnes's complaint with prejudice, the agencies' motion for summary affirmance is GRANTED, and the district court is AFFIRMED. Accordingly, the motion to stay the briefing schedule is DENIED as moot.