[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15015
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60247-BB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLY TOUSSAINT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 21, 2015)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Willy Toussaint appeals the district court's denial of his motion to withdraw his guilty plea to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and two counts of bank fraud, in violation of 18 U.S.C. § 1344. Mr. Toussaint argues on appeal that the district court abused its discretion in denying his motion to withdraw his guilty plea, because he did not enter the plea knowingly or voluntarily, did not understand the nature of his crime, and is actually innocent. After reviewing the parties' briefs and the record, we affirm.

## I

Mr. Toussaint, a bank employee, was indicted of one count of conspiracy to commit bank fraud (Count 1), two counts of bank fraud (Counts 2 and 3), and two counts of aggravated identity theft (Counts 4 and 5) based on his alleged participation in a fraudulent tax refund scheme. As part of the scheme, Mr. Toussaint would allegedly obtain unsuspecting individuals' personal information, such as social security numbers and drivers licenses, and provide them to other bank employees involved in the scheme. Those employees would open new fraudulent bank accounts in the names of the individuals. Others involved in the scheme then directed the IRS to deposit tax refunds for the individuals into the fraudulently created accounts.

In October of 2013, Mr. Toussaint pled not guilty and was appointed counsel from the Public Defender's Office. In January of 2014, Mr. Toussaint filed a pro se

2

demand for new counsel. The district court granted the request and appointed Michael Smith as Mr. Toussaint's new attorney. In July of 2014, three days before his scheduled trial, Mr. Toussaint informed the government that he wanted to change his plea from not guilty to guilty. He entered into a plea agreement with the government, which provided that he would plead guilty to Counts 1, 2, and 3, and the government would dismiss Counts 4 and 5. The written plea agreement stated the maximum penalty for each of Mr. Toussaint's offenses and made certain recommendations regarding sentencing. Mr. Toussaint signed the agreement. He also signed a written proffer of the facts supporting his guilty plea.

On July 18, 2014, the district court held a change-of-plea hearing and engaged in an extensive Rule 11 colloquy with Mr. Toussaint. At the beginning of the plea hearing, Mr. Toussaint stated that he understood he had to answer all of the district court's questions truthfully and could be subject to the penalty of perjury if he did not. The district court then asked Mr. Toussaint a series of questions to ensure he was entering his plea knowingly and voluntarily.

For example, the district court asked Mr. Toussaint whether he had received a copy of the indictment containing the charges made against him in the case, whether he had "fully discussed those charges with [his] attorney;" whether he had "discussed the case with [his] attorney;" whether he was "fully satisfied with counsel, representation, and advice given to [him] by [his] attorney, Mr. Smith;"

3

whether he had had "an opportunity to read and discuss the plea agreement with [his] attorney, Mr. Smith;" whether "Mr. Smith [had] answered all his questions;" whether he had "read each and every page of the seven-page plea agreement that[ ] [was] before the Court;" whether he had had "a full opportunity to have [his] questions answered before he signed the [plea] agreement;" whether the signature on the last page of the agreement was indeed his own; whether the "plea agreement represent[ed] in its entirety [his] understanding with the government;" and whether "he fully underst[ood] each and every term of the plea agreement." Mr. Toussaint responded in the affirmative to all of the district court's questions.

The district court also specifically questioned Mr. Toussaint as to whether his guilty plea was freely and voluntarily entered into. Mr. Toussaint agreed that he "fully underst[ood] each and every term of the plea agreement." He also affirmed that no one had "threatened [him] in any way to persuade [him] to accept the agreement" nor "made [him] any promise . . . that is not in the plea agreement to persuade [him] to accept the agreement."

The district court then turned to the three counts of the indictment to which Mr. Toussaint was pleading guilty as part of the plea agreement. With respect to Count 1, conspiracy to commit bank fraud, Mr. Toussaint had some objections to the facts. He explained he was "pleading guilty here . . . because [he] entered the thing knowing—I had a feeling that it was wrong and I agreed to it." The district

4

court, therefore, asked whether or not he was pleading guilty to the first count in the indictment. Mr. Toussaint responded he was pleading guilty to conspiracy to commit bank fraud. The district court further clarified and asked Mr. Toussaint whether he was "entering a plea of guilty to that charge because [he] is, in fact, guilty" of the charge. Mr. Toussaint again responded that he was in fact guilty.

The district court then read Counts 2 and 3 of the indictment (alleging bank fraud) and asked Mr. Toussaint whether he was pleading guilty to those charges. After the district court read Count 2, Mr. Toussaint responded, "I am guilty." The district court again asked whether "anyone [had] forced [him] or threatened [him] to enter [his] plea of guilty to Count 2 of the indictment." Mr. Toussaint responded that no one had forced or threatened him. The district further inquired whether he was "entering a plea of guilty . . . . because [he is], in fact, guilty" of Count 2. Mr. Toussaint stated he was.

Mr. Toussaint also had some objections to Count 3. He that argued he assisted, rather than directed, the bank fraud, but he ultimately pled guilty to the charge. The district court explained that was "what the indictment charged" and asked what Mr. Toussaint's plea would be. Mr. Toussaint responded that he was guilty. He again affirmed that no one had forced or threatened him to enter the plea of guilty.

5

The district court then asked Mr. Toussaint whether he understood that he had pled guilty to three felony offenses and that he would be "adjudicated guilty of those offenses and that adjudication may deprive [him] of valuable civil liberties." He stated that he understood.

The district court also discussed the maximum sentences for each offense, and Mr. Toussaint stated that he understood he could be given the maximum sentence for each offense. Finally, the district court asked Mr. Toussaint one final time whether he had been forced or threatened to enter into the plea agreement. Mr. Toussaint again stated that he had not. The district court, before ending the proceedings, asked Mr. Toussaint whether he understood that he had "the right to plead not guilty to these offenses and to persist in that plea of not guilty" and the "right to a trial by a jury," where he would be presumed innocent and the government would have to prove beyond a reasonable doubt that he committed the charged offenses, and he "would have the right to the assistance of counsel appointed by the Court if necessary at trial and at every other stage of the proceeding." Mr. Toussaint responded that he understood he had those rights and he waived them by pleading guilty.

The district court questioned Mr. Toussaint about the factual proffer he had signed. In relevant part, the district court asked him whether he had "fully read the factual proffer before [he] signed it," whether "all the facts set forth in the proffer

6

were true," whether he had signed the proffer, and whether he had signed it "on [his] own free will." Mr. Toussaint responded in the affirmative to the district court's questions.

The district court, therefore, concluded that Mr. Toussaint was "fully competent and capable of entering an informed plea" and that his plea was "knowing and voluntary." As such, the district court accepted his plea and adjudicated him guilty of Counts 1, 2, and 3.

Mr. Toussaint maintained his plea of guilty and cooperated with probation as with respect to the preparation of his presentence investigation report. After the report was released and included a four-level enhancement neither Mr. Toussaint nor the government anticipated, Mr. Toussaint sought new counsel and filed a motion to withdraw his guilty plea.[1]

In his motion, Mr. Toussaint argued that he was "innocent of all of the alleged criminal conduct described in the [i]ndictment" and that "he was forced into changing his plea [and] abandoning his right to trial" by Mr. Smith. His plea was, therefore, not voluntary. He alleged that Mr. Smith indicated he would lose if he went to trial and would be "unable to represent him at trial or would not put forth effort in his representation due to his bias caused by the defendant's guilt."

---

[1] The proposed four-level enhancement was for his aggravated role in the offense.

Mr. Toussaint also alleged that the government would not be prejudiced by his withdrawal of the guilty plea.

The district court conducted an evidentiary hearing on Mr. Toussaint's motion to withdraw the guilty plea. Mr. Toussaint and Mr. Smith testified at the hearing.

Mr. Toussaint testified that Mr. Smith ordered him to plead guilty. According to Mr. Toussaint, he and Mr. Smith had an argument outside the courthouse where Mr. Smith "made it clear that [Mr. Toussaint] would be on [his] own" if he did not plead guilty. Mr. Toussaint testified that he believed he would no longer have an attorney and would have to proceed on his own to trial if he did not plead guilty. He claimed that he had never read the plea agreement. He also testified that he did not express any of these concerns to the district court because he believed he just had to "go with the flow." Finally, Mr. Toussaint testified that he was innocent of the conduct in the indictment.

Mr. Smith denied having ever told Mr. Toussaint that he had to plead guilty. He testified it was entirely Mr. Toussaint's decision. Mr. Smith also testified that he went over the plea agreement and the factual proffer with Mr. Toussaint. They made changes to the document and they went over the sentencing guidelines. Mr. Smith testified that on the day of the change of plea hearing he told Mr. Toussaint

that he could "get up and walk out now if this isn't what you want to do," but Mr. Toussaint stated that he wanted to go forward with the guilty plea.

At the end of the evidentiary hearing, the district court stated it had considered the pleadings and both the testimony of Mr. Toussaint and Mr. Smith. Given that Mr. Toussaint had repeatedly stated under oath at the change of plea hearing that he wanted to enter pleas of guilty to the charges and that he had read each and every page of the plea agreement, the district court found that Mr. Toussaint's testimony was not credible. The district court concluded, therefore, that "[w]hile the prejudice to the government is one prong, it's only one prong of the inquiry and the court finds that you were represented by counsel that certainly did not force you to enter into your agreement with the government and enter your pleas of guilty."

The district court subsequently sentenced Mr. Toussaint to 46 months' imprisonment for Counts 1, 2, and 3 to run concurrently, with 5 years of supervised release, and ordered Mr. Toussaint to pay $208,261.90 in restitution.[2]

Mr. Toussaint now appeals the district court's denial of his motion to withdraw his guilty plea. He argues that the district court abused its discretion when it failed to consider his claim of actual innocence and failed to consider that

---

[2] In sentencing Mr. Toussaint, the district court did not apply the four-level enhancement for his aggravated role in the offense.

he did not knowingly and voluntarily enter his plea or understand the nature of the charges against him.

## II

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). The district court does not abuse its discretion "unless the denial is arbitrary or unreasonable." *Id.* (internal quotation marks and citations omitted). "[T]here is no absolute right to withdraw a guilty plea prior to the imposition of a sentence," and "the decision to allow withdrawal is left to the sound discretion of the district court." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

A defendant may withdraw his guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). *See also Brehm*, 442 F.3d at 1298. In order to determine whether the defendant has met his burden, the district court looks at "the totality of the circumstances surrounding the plea." *Buckles*, 843 F.2d at 471–72. The district court should consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (internal citations omitted). The

10

district court is charged with weighing "[t]he good faith, credibility and weight of a defendant's assertions in support of [his motion to withdraw a guilty plea]." *Id.*

The district court did not abuse its discretion in denying Mr. Toussaint's motion to withdraw his guilty plea. When Mr. Toussaint filed his motion, the district court conducted an evidentiary hearing to further explore and assess his claims that he was coerced into pleading guilty, did not understand the nature of the charges against him, and was actually innocent. The district court heard testimony from Mr. Toussaint and from Mr. Smith.

After listening to all of the testimony at the evidentiary hearing, the district court credited Mr. Smith's statements and Mr. Toussaint's original statements under oath to the district court at the change of plea hearing, over Mr. Toussaint's testimony at the evidentiary hearing. Considering "the totality of the circumstances surrounding the plea," *Buckles*, 843 F.2d at 471–72, we find no abuse of discretion. Contrary to what Mr. Toussaint suggests, "[a] mere declaration of innocence alone does not entitle [him] to withdraw his guilty plea." *Id.* at 472–73 (further explaining that "[g]uilty pleas would be of little value to the judicial system if a defendant's later conclusory assertion of innocent automatically negated his plea").

At his guilty plea hearing in July of 2014, Mr. Toussaint repeatedly stated that he had read the indictment, the factual proffer, and the plea agreement. He also repeatedly stated that he was pleading guilty out of his own volition and that no

11

one had coerced him to change his plea. He stated that he was pleading guilty to the charges because he was in fact guilty. Furthermore, he stated that he was satisfied with the counsel and advice of his then-attorney, Mr. Smith. He confirmed to the district court that he understood he had a right to a trial where he would be presumed innocent and he was waiving that right. Given that statements made by a defendant under oath at a plea colloquy hearing are given a strong presumption of truthfulness, *see United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) and that the district court may assess the weight and credibility given to a defendant's assertions in support of a motion to withdraw a guilty plea, *see Brehm*, 442 F.3d at 1298, the district court did not err in discrediting Mr. Toussaint's testimony at the evidentiary hearing.

Mr. Toussaint also argues that the government would not have been prejudiced if his guilty plea were withdrawn. That may be true, but it does not entitle Mr. Toussaint to reversal. *See Buckles*, 843 F.2d at 474 ("[A] district court need not find prejudice to the government before it can deny defendant's motion to withdraw."). *See also United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). In sum, we find the district court did not abuse its discretion when denying Mr. Toussaint's motion to withdraw his guilty plea.

### III

We affirm Mr. Toussaint's conviction.

12

**AFFIRMED.**