[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10116

Non-Argument Calendar

_____

WILLY TOUSSAINT,

Plaintiff-Appellant,

*versus*

U.S. ATTORNEY'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24624-JEM

_____

Before LAGOA, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Willy Toussaint appeals the district court's sua sponte dismissal of his pro se complaint with prejudice, without giving him an opportunity to amend. The district court cited two bases for dismissing Toussaint's complaint. First, it "screened" Toussaint's complaint under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2), finding that it was "frivolous and fail[ed] to state a cause of action on which relief may be granted." And second, it dismissed the complaint under Federal Rule of Civil Procedure 41(b) and its inherent authority, finding the complaint was an "improper shotgun pleading" that consisted "entirely of conclusory, vague, and immaterial facts not obviously connected to any particular case of action." After careful review, we affirm the district court's dismissal.

## I.

In December 2023, Toussaint filed a pro se civil complaint against the U.S. Attorney's Office, challenging his 2014 federal convictions for one count of conspiracy to commit bank fraud and two counts of bank fraud. Toussaint filed an application to proceed in forma pauperis the same day. In the attached civil cover sheet, Toussaint listed Assistant U.S. Attorney Mac Anton as the only defendant.

Toussaint attached a letter to his complaint alleging that J.P. Morgan Chase Bank and the Fort Lauderdale Police Department

"assassinated" his "career and character" by framing him for a crime on or around December 2012 in retaliation for Toussaint's employment discrimination lawsuit against Chase (his former employer). This caused him to be denied for a job and become homeless, stressed, and diabetic.

The letter referenced "Case #0:13-cr-60247-BB-1," also heard in the Southern District of Florida, in which Toussaint pleaded guilty to one count of conspiracy to commit bank fraud and two counts of bank fraud for his alleged participation in a fraudulent tax refund scheme from October 2011 to February 2012. *See United States v. Toussaint*, 620 F. App'x 831, 832 (11th Cir. 2015) (per curiam).

In that case, Toussaint signed a formal written plea agreement and written factual proffer in July 2014. In exchange, the government dropped two charges of aggravated identity theft. In October 2014, fifteen days before sentencing, Toussaint moved to withdraw his guilty plea and asserted his innocence. On October 31, after a four-hour hearing, the district court denied the motion and sentenced Toussaint to forty-six months in jail. We affirmed Toussaint's conviction, sentence, and the denial of his motion to withdraw his guilty plea in September 2015. *Id*. at 835. Toussaint was released from prison in March 2018.

Between 2015 and 2019, Toussaint sent "a litany of letters" to the Southern District of Florida, repeating his claims that he was forced to plead guilty, and Chase framed him for the crime. Order on Motion to Correct Sentence at 3, *Toussaint v. United States*, No.

16-cv-60621 (S.D. Fla. Dec. 14, 2016). We later denied Toussaint a certificate of appealability on the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence asserting his actual innocence and involuntariness of his plea. *Toussaint v. United States*, No. 17-10255 (11th Cir. June 14, 2017).

In this suit, Toussaint claims he was wrongfully convicted of the crime because his attorney "convinced" him to plead guilty and the prosecutor (Anton) "convinced" the judge not to allow him to withdraw the plea. And "[d]ue to the voluntary implication of law enforcement in the staged crime," the "statute of limitation doesn't apply."

The day after Toussaint filed his complaint and applied to proceed in forma pauperis, the district court sua sponte dismissed the case with prejudice. The court found the case was frivolous and failed to state a claim because it was "entirely unclear" what damages Toussaint sought for what injuries. The court identified numerous deficiencies with the complaint. For one, Toussaint marked the boxes on his form complaint for both federal question and diversity jurisdiction. But he "failed to identify any specific federal statutes, federal treaties, and/or provisions of the United States Constitution" at issue when prompted. And he failed to indicate the citizenship of both parties or list an amount in controversy. Instead, he repeated his allegations about the impact that his convictions had on his life, reputation, and employment prospects in the "amount in controversy" section.

The district court also found that Toussaint failed to comply with the Federal Rules of Civil Procedure, specifically: (1) where the form directed him to "write a short and plain statement of the claim," as required by Rule 8(a), Toussaint wrote nothing; (2) where the form directed Toussaint to "state briefly and precisely what damages or other relief" he sought, he repeated only his claims that his career and character were "assassinated"; (3) the "only law" Toussaint cited "throughout the entire Complaint" was when he checked the box for "False Claims Act" as the nature of his suit on his civil claims cover sheet, but he was likely well past the statute of limitations and did not meet the heightened pleading requirements of Rule 9(b).

Toussaint timely appealed, stating he filed "his claim for compensation so that the felony record due to the staged crime could be expunged." His supplemental information again referenced the denial of the withdraw of the guilty plea and accused the prosecutor of altering the evidence. He included the transcript from his October 2014 plea withdrawal hearing. We granted Toussaint's motion for appointment of counsel.

## II.

We review a district court's dismissal of a claim filed in forma pauperis as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "only for abuse of discretion." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or

makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (internal quotation marks omitted).

We review a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, using the same standard as we would for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020). "While we accept the factual allegations in the complaint as true, construing them in the light most favorable to the plaintiff, the allegations must state a claim for relief that is plausible, not merely possible." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019) (en banc). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We hold pro se pleadings to less stringent standards than those drafted by lawyers, but pro se litigants still "must suggest (even if inartfully) that there is at least some factual support for a claim." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). And all litigants in federal court—pro se or counseled—are required to comply with the applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

We review denials of leave to amend for abuse of discretion. *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002) (per curiam).

But we review the district court's legal conclusion that amendment would be futile de novo. *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

When dismissing an in forma pauperis complaint sua sponte under § 1915(e), a district court "must explain its findings with sufficient clarity for effective appellate review." *Dimanche v. Brown*, 783 F.3d 1204, 1214 (11th Cir. 2015) (internal quotation marks omitted). "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the district court." *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019) (citation modified).

### III.

Counseled on appeal, Toussaint argues that the district court abused its discretion when it dismissed his in forma pauperis complaint as frivolous under 28 U.S.C. § 1915(e)(2) and denied him an opportunity to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1).

The in forma pauperis statute allows litigants to bring civil actions in federal court, without prepaying any fees, when they would otherwise be unable to pay the costs of their lawsuits. *See* 28 U.S.C. § 1915. But, to prevent "abusive or captious litigation" by litigants whose "court costs are assumed by the public," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), the statute directs courts to dismiss claims filed in forma pauperis if "at any time" the court finds the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To the extent that a complaint filed in forma pauperis "lacks even an arguable basis in law," it may be dismissed for both frivolousness and failure to state a claim. *Neitzke*, 490 U.S. at 328 (discussing § 1915(d), now § 1915(e)). A complaint may be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), as under Rule 12(b)(6), if the allegations, taken as true, show the plaintiff is not entitled to relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A complaint fails to state a claim when "ignoring any 'mere conclusory statements,' the remaining allegations do not 'plausibly suggest' that the defendant is liable." *Harper v. Pro. Prob. Servs. Inc.*, 976 F.3d 1236, 1240 n.4 (11th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678, 681).

By contrast, the court may dismiss an in forma pauperis claim as frivolous under § 1915(e)(2)(B)(i) "if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. And a claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citation modified). The court is not bound, as it usually is, "to accept without question the truth of the plaintiff's allegations." *Id.* at 32. Judges may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quotation marks omitted).

24-10116                Opinion of the Court                9

Even if a complaint legally states a claim and the facts are not fantastic, a district court is still within its discretion to dismiss a complaint as frivolous if it is obvious from the face of the complaint that an affirmative defense would defeat the action. *See Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990). This includes situations where the defendant is immune from suit, the complaint "reasserts allegations litigated in a previous suit," or the statute of limitations has expired. *Id.* at 640 n.2.

### A.  Frivolousness

When Toussaint applied to proceed in forma pauperis, the district court did as it was required—reviewed his complaint and dismissed it "at any time" after finding it had no arguable merit in fact or law. 28 U.S.C. § 1915(e)(2)(B)(i); *see also Bilal*, 251 F.3d at 1348 n.4 (reviewing dismissal based on frivolousness where the court's order cited § 1915(e)(2) and found both that the complaint failed to state a claim and was frivolous).

Procedurally, the district court explained its findings with "sufficient clarity" for our review. *Dimanche*, 783 F.3d at 1214 (quotation marks omitted). The court identified numerous deficiencies with Toussaint's form complaint, including that his attached letter cited no law, it was "entirely unclear" what damages Toussaint sought, he failed to establish any of the elements of a claim under the only statute he did cite (the False Claims Act), and the filing consisted "of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

Substantively, the complaint's sole legal basis is "indisputably meritless." *Neitzke*, 490 U.S. at 327. As the district court noted, the "only law cited" by Toussaint "throughout the entire Complaint is his check mark on the box for '375 False Claims Act' as the Nature of Suit" on the civil cover sheet. And the court correctly observed that Toussaint did not plead his claim with particularity, nor identify a false claim, and that any False Claims Act claim would likely be time barred, *see* 31 U.S.C. § 3731(d). The complaint is also plainly meritless because Toussaint, as a pro se litigant, cannot bring a False Claims Act claim. The Eleventh Circuit, like "every other court of appeals to have addressed the question," *United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 384 (D.C. Cir. 2025), has held that pro se litigants cannot bring civil claims under the False Claims Act. *See Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008).

The rest of the complaint, in vague and conclusory terms, alleges that Toussaint's July 2014 guilty plea and October 2014 conviction violated his due process rights because Chase and the Fort Lauderdale Police Department framed him for the crime, and Assistant U.S. Attorney Anton forced him to plead guilty. But there are a multitude of issues with any possible claim Toussaint could bring related to his decade-old conviction, including that the government defendants are absolutely immune from suit,[1] the

---

[1] Prosecutors have absolute immunity for all actions they take while performing their role as an advocate for the government, including the initiation and pursuit of criminal prosecution, all appearances before the court, examining

complaint "reasserts allegations" and arguments we have rejected on direct appeal and habeas, without raising new arguments or evidence, and the statute of limitations has likely expired. *Clark*, 915 F.2d at 640 n.2.

Although we must construe pro se pleadings liberally, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted). It was not the district court's responsibility to "act as counsel" for a self-represented litigant, nor review Toussaint's filings for possible claims. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Without any other legal basis to grant relief, the district court acted within its "range of choice" when it dismissed Toussaint's complaint as frivolous. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (internal quotation marks omitted).

### B.  Leave to Amend

Toussaint argues that the district court erred in dismissing the claim with prejudice when he had another two weeks to amend his pleading "as of right" under Federal Rule of Civil Procedure 15(a)(1). A district court may not dismiss an in forma pauperis

---

witnesses, and presenting evidence. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Absolute immunity shields prosecutors from liability for "even wrongful or malicious acts," including false arrest, false imprisonment, abuse of process, and malicious prosecution claims. *Hart v. Hodges*, 587 F.3d 1288, 1298 (11th Cir. 2009); *see also* 28 U.S.C. § 2680(h).

complaint without allowing leave to amend when required by Rule 15(a). *Troville*, 303 F.3d at 1260 n.5.

Under Rule 15(a)(1), a party may amend his complaint "once as a matter of course" within twenty-one days after serving it. Pro se plaintiffs proceeding in forma pauperis are given the same opportunity to amend their complaints as paying pro se plaintiffs. *Brown v. Johnson*, 387 F.3d 1344, 1348 (11th Cir. 2004). Typically, "a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (citation modified). But that "extra dose of grace" is "*not* warranted" if amendment would be futile. *Id.* at 1133. And it is unnecessary if the claim is "patently frivolous." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

Leave to amend is futile "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). We do not ask whether the plaintiff "*has* otherwise stated a claim" but "whether, when all is said and done, he *can* do so." *Silberman*, 927 F.3d at 1133. We look to "whether the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hernandez*, 982 F.3d at 1332 (internal quotation marks omitted).

A district court does not abuse its discretion by denying leave to amend as futile where a plaintiff fails to identify any new

facts that might form the basis for a successful claim, or "give any indication about what the substance of his proposed amendment would be." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326–27 (11th Cir. 2001); *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006). Although plaintiffs need not always "attach a copy of the proposed amendment," they must at least describe its "substance." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024). A statement that "merely hypothesizes, in broad strokes, the kinds of amendments [the plaintiff] *might* have been able to make" is not enough. *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1278 (11th Cir. 2018).

A district court may also find amendment futile if the newly asserted claims would be barred by the applicable statute of limitations. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993). A plaintiff need not negate a statute-of-limitations defense in his complaint, but we dismiss a complaint on statute-of-limitations grounds where it is "apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (per curiam) (quotation marks omitted). In such cases, a district court does not abuse its discretion in finding amendment would be futile where a party "failed to point to any additional facts or allegations that could make its claims timely." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018).

Here, Rule 15(a) did not require the district court to allow Toussaint leave to amend before it dismissed his complaint. The district court's finding that Toussaint's suit was "frivolous" is, by

definition, a finding that amendment would be futile because his claim was "without arguable merit either in law or fact," *Bilal*, 251 F.3d at 1349, and that his "realistic chances of ultimate success are slight." *Clark*, 915 F.2d at 639; *see also Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous . . . there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

We cannot say the district court abused its discretion in finding that amendment would be futile when Toussaint has not "tender[ed] an amended complaint or suggest[ed] what new allegations any amended complaint would include." *Fla. Parole Comm'n*, 787 F.3d at 1106. Toussaint acknowledges that he never moved for leave to amend, and we recognize that he may not have had the opportunity to because the district court issued its order the day after the complaint was filed.[2] But, even on appeal, he has yet to demonstrate he can offer an amendment that would state a valid claim for relief.

---

[2] We have suggested that the right to amend a complaint once as a matter of course under Rule 15(a)(1) terminates once the district court has dismissed the complaint and entered final judgment for the defendant. *See MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (collecting cases); *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001). Post-judgment, the plaintiff must seek leave to amend within ten days under Rule 59(e) or Rule 60(b)(6). *See Friedman v. Mkt. St. Mortg. Corp.*, 520 F.3d 1289, 1293 n.4 (11th Cir. 2008). We do not address this procedural question because, even the more lenient Rule 15(a) standard, the district court did not abuse its discretion in finding amendment futile.

Toussaint's counsel acknowledges that his complaint "is not a model of clarity" but maintains that it "does hint at serious, viable claims." He insists that the complaint's deficiencies are not "necessarily incurable" and "since the Complaint routinely alleges wrongful conviction . . . it is not clear that [the False Claims Act] is the full extent" of his claims. He points to several possible claims based on Toussaint's accusation that Chase and the Fort Lauderdale Police Department framed him for the crime, including defamation or malicious prosecution under § 1983. But this statement that "merely hypothesizes, in broad strokes, the kinds of amendments [the plaintiff] *might* have been able to make" does not suffice to show the district court mistakenly found amendment to be futile. *Newton*, 895 F.3d at 1278.

Even construing Toussaint's complaint as liberally as possible, the district court did not err in finding that "when all is said and done," he cannot state a claim based on his July 2014 guilty plea and October 2014 conviction. *Silberman*, 927 F.3d at 1133. The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). "Due regard for the finality of criminal convictions counsels special restraint in the review of collateral attacks on convictions entered pursuant to guilty pleas." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam).

But "a criminal conviction is not always the end of the line for defendants." *See Ramdeo v. United States*, 136 F.4th 1348, 1350 (11th Cir. 2025). "[F]ederal courts retain the authority to issue some

forms of relief after appeal—though interests in finality and comity make it much harder to come by." *Id.* at 1351. Toussaint has already, unsuccessfully challenged his conviction and sentence on direct appeal in 2015 and through habeas corpus proceedings under 28 U.S.C. § 2255 in 2017. In both proceedings, he raised nearly the same arguments about the involuntariness of his plea, his actual innocence, and Chase and the Fort Lauderdale Police Department framing him for the crime. *See Toussaint*, 620 F. App'x at 835.

Because Toussaint has served his sentence and is no longer in custody, he is no longer eligible for post-conviction relief under § 2255. Even after serving his sentence, a petitioner may be eligible for coram nobis relief to vacate his conviction because "the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam) (quotation marks omitted). But the "bar for coram nobis relief is high." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). As Toussaint has "already attacked his sentence under § 2255 and lost," based on the involuntariness of his plea and his actual innocence, this is not "the proper vehicle for his challenge." *Ramdeo*, 136 F.4th at 1353.

And precedent forecloses Toussaint's claims for damages against federal or state officials, or a private entity conspiring with federal or state officials, based on this allegedly wrongful conviction. Plaintiffs may not sue government officials "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid," unless the plaintiff shows that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1212 n.7 (11th Cir. 2016) (quotation marks omitted).

Because Toussaint's remaining claims for damages "rest on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit," judgment on these claims "would necessarily imply the invalidity of his conviction." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (quotation marks omitted). As Toussaint's convictions have not been invalidated, he cannot recover based on these acts. *See id.*

On top of all the substantive obstacles to relief, Toussaint "failed to point to any additional facts or allegations that could make [his] claims timely." *Cita Tr. Co. AG*, 879 F.3d at 1157. Florida has a four-year statute of limitations for most intentional torts. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir.2003) (per curiam); Fla. Stat. § 95.11(3)(*o*)–(p). The statute of limitations begins to run when "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Wainberg*, 93 F.4th at 1225 (quotation marks omitted). Because all of Toussaint's claims are based on facts that were apparent to him by the time he attempted to withdraw his plea in

2014, his 2023 complaint is well outside the applicable four-year statute of limitations.

Toussaint argues that the statute of limitations should not apply to him, which we interpret as an argument that the statute of limitations should have tolled. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam) (interpreting similar pro se argument). But Toussaint has pointed us to no legal basis for his claim that the statute of limitations might be tolled in his case, and we can discern none from the record. *See Hughes*, 350 F.3d at 1163. As Toussaint has been arguing that his plea was coerced and Chase and the Fort Myers Police Department framed him since at least 2014, when he tried to withdraw his plea, he knew of the facts giving rise to his claims by 2014 at the latest.

Toussaint has not raised new violations of the law after his prosecution and sentencing, which took place between 2012 and 2014. At most, Toussaint argues that his criminal conviction caused him to become homeless, diabetic, and denied for a job at Costco. But these hardships, at most, represent "the present consequence" of Toussaint's past convictions and cannot extend the limitations period. *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1305 (11th Cir. 2022).

Because Toussaint has not shown how his complaint could be amended to save his meritless claim and overcome a variety of procedural and substantive hurdles, *see Atkins*, 470 F.3d at 1362, we

find the district court did not abuse its discretion in dismissing his complaint as frivolous and finding amendment would be futile.[3]

## IV.

The district court's dismissal of Toussaint's in forma pauperis complaint with prejudice under § 1915(e)(2) is **AFFIRMED.**

---

[3] Because the in forma pauperis statute is a sufficient basis to dismiss Toussaint's case, we do not reach the issue of whether the district court correctly relied on its inherent authority to dismiss the complaint for failing to meet Federal Rules of Civil Procedure 8 and 9's requirements.